UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION HARDAWAY #243916,

       Plaintiff,                    Case No.  05-70362

v.                                    District Judge Avern Cohn
                                           Magistrate Judge R. Steven Whalen

OFFICER HAGGERTY, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Dion Hardaway, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc, *et.seq* . Before the Court is Defendants' Motion to Dismiss [Docket #27], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that Defendants' motion be GRANTED, and the Complaint dismissed without prejudice, UNLESS within 30 days the Plaintiff moves to amend his Complaint to dismiss the unexhausted Defendant.

      **I.    FACTUAL AND PROCEDURAL BACKGROUND**

      The incidents that gave rise to this Complaint are alleged to have occurred while the Plaintiff was an inmate at the Ryan Correctional Facility (RCF) in Detroit, Michigan. *Complaint*, ¶2.  Plaintiff states that on April 29, 2002, prison officials seized religious material from his cell and refused to return it to him. *Id.*, ¶¶14-16.  The materials were

related to the Nation of Gods and Earths / Five Percenters (NGE), a group Plaintiff states is religious in nature. On June 6, 2002, Plaintiff received notification that the NGE was classified as a Security Threat Group (STG), and that Plaintiff was found to be a STG member, and thus subject to disciplinary action based on his possession of documents, publications and symbols related to NGE. *Id.*, ¶¶ 16-18. Plaintiff alleges that as the result of his STG designation, he "is not allowed to work, go to school, possess any NGE materials, communicate with any NGE members incarcerated or not, nor participate in any NGE daily rituals and/or activities (e.g. studying lessons)." *Id.*, ¶28. Plaintiff also alleges that in order to remove his STG designation, he was coerced into signing forms renouncing his membership in a religious group. *Id.*, ¶¶ 27, 33.

In his Complaint, Plaintiff names as Defendants the following persons: (FNU) Haggerty, a corrections officer; (FNU) Gauci, a corrections sergeant; Carl Tabb, an Inspector at RCF; Michael Nowak, an Acting Inspector at RCF; David Smith, Warden of RCF; Robert Mulvaney, the STG Coordinator for the MDOC; and William Overton, then-Director of the MDOC. All are sued in their individual and official capacities. At ¶¶ 11-13 of his Complaint, Plaintiff pleads exhaustion of administrative remedies as to these Defendants. He did not, however, attach any grievance documentation to his Complaint.

Defendants moves to dismiss the Complaint without prejudice pursuant to 42 U.S.C. §1997e(a), alleging that Plaintiff has not shown exhaustion of administrative remedies, a prerequisite to filing a civil rights complaint regarding conditions of confinement.

In his Answer to Motion to Dismiss [Docket #29], Plaintiff included copies of three MDOC grievances which were all appealed through the third and final step of the MDOC grievance process.

## II.     EXHAUSTION PRINCIPLES

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).

In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion.  To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of.  If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted.  In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically  name the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

Exhaustion under § 1997a requires an inmate to complete all levels of the administrative review process before filing an action in federal court.[1]  *See Freeman*, 196 F.3d at 645.  A prisoner "cannot abandon the process before completion and claim that he has exhausted his remedies."   *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

---

[1]The MDOC has a three-tiered grievance review process, commencing with an initial complaint at Step I, an appeal to Step II, and final administrative review at Step III.

Conversely, an inmate has not properly exhausted a claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...." *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

*Jones-Bey* described two options available to a prisoner whose mixed complaint is dismissed: (1) wait until all claims are exhausted and re-file the action at that time, or (2) "simply institute an action with only the exhausted claims." *Id.*, 808. There is also a third option: permit the plaintiff to amend the complaint to dismiss the unexhausted claims. This option flows from the *Jones-Bey* court's reliance on the correlation between the PLRA and habeas corpus law.[2] In *Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), cited in *Jones-Bey*, the Supreme Court adopted a total exhaustion rule in habeas corpus cases. Regarding the habeas petitioner's interest in a speedy federal adjudication of his claims, the Court added, "A total exhaustion rule will not impair that interest since he can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." 455 U.S. at 520.

In *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003), the Eighth Circuit,

---

[2]*Jones-Bey* stated, "Because both bodies of law were created for similar reasons, their exhaustion rules should be interpreted in a similar manner." 407 F.3d at 808.

which also applies a total exhaustion rule in §1983 cases,[3] permitted the plaintiff to amend a mixed complaint to dismiss the unexhausted claims. Stating that it was "guided by" *Rose v. Lundy*, the court noted that "[the plaintiff's] request to amend his complaint and dismiss [the unexhausted defendant] would have cured the defect necessitating the dismissal." 332 F.3d at 1144. *See also Johnson v. Sadzewicz*, __F.Supp.2d__, 2006 WL 783448 (E.D. Mich. 2006).

### III.   ANALYSIS

### A.

Although the Plaintiff pled exhaustion of administrative remedies in his Complaint, he did not attach any documentation showing that he had exhausted his claims. In *Brown v. Toombs, supra*, of course, the court held that an inmate must document the disposition of his administrative grievances. However, Plaintiff did submit copies of three grievances, all taken through Step III of the MDOC process, with his Answer to the Motion to Dismiss. While it would have been preferable for him to attach these grievances to his Complaint, this later submission does not mandate dismissal under the PLRA or *Brown v. Toombs*. Nor is dismissal required under *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002), which holds that an inmate who has not initially pled exhaustion cannot amend a complaint to do so.

*Baxter* does not hold that plaintiffs who fail to attach grievance documentation to their original complaints are subject to automatic dismissal under § 1997e(a), or that they may not submit proof of exhaustion at a later date, *so long as exhaustion has been properly pled*. In *Baxter*, the Plaintiff simply failed to plead exhaustion, and the Sixth Circuit held that he could not correct this omission by amending his complaint.

In *Casarez v. Mars*, 2003 WL 21369255 at *5-*6 (E.D. Mich. 2003), Judge Lawson

---

[3] *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

addressed this issue as follows:

> "Although the holding in *Baxter* does emphasize the need for prisoner plaintiffs to attach documentation of the exhaustion of their administrative remedies to their complaints, *the case does not stand for the proposition that plaintiffs who do not attach documentation to their original complaints are forever barred from providing such documentation in future pleadings, as the defendants contend.* Rather, the *Baxter* court, in stating that a prisoner should attach documentation to the complaint, was only emphasizing that a federal court must have evidence that a prisoner has or has not exhausted his administrative remedies readily available so that the court can perform its screening responsibilities under the PLRA and determine whether the prisoner's complaint can be decided on the merits or must be summarily dismissed. As the *Baxter* court stated, without evidence that the prisoner exhausted his administrative remedies, the prisoner would be able, through ambiguous pleadings, to avoid dismissal. *Ibid*.
>
> "*Unlike the plaintiff in Baxter, the plaintiff here specifically alleged that he had exhausted his administrative remedies as required by the PLRA.* The plaintiff's complaint did not employ the artifice of ambiguous pleading to cover up a failure to exhaust administrative remedies. Instead, *when the defendants answered the complaint by filing a motion to dismiss arguing that the failure of the plaintiff to attach his grievance documentation is a ground for dismissal, the plaintiff supplemented the clear allegations in his complaint by providing the Court with his grievance documentation and offered an explanation for why he did not attach the documents to his original complaint.* The Court agrees with the magistrate judge that under the circumstances of this case, it was sufficient for the plaintiff to attach documents to his answer to the motion rather than to his complaint." (Emphasis added).

Plaintiff Hardaway clearly pled exhaustion at ¶¶ 11-13 of his Complaint, and has now submitted documentation to substantiate that claim, satisfying the requirements of the PLRA and *Brown v. Toombs*. It does not appear that Plaintiff has employed "the artifice of ambiguous pleading to cover up a failure to exhaust." Therefore, the Complaint is not subject to dismissal under *Baxter v. Rose,* and the Court may proceed to examine the documentation to determine if all claims and all Defendants have in fact been exhausted.

**B.**

Plaintiff has documented three administrative grievances.

(1) In No. RRF 02-07-01123-08Z, Plaintiff filed a Step I grievance on June 28, 2002,

complaining of his denial of access to religious material and his classification as a member of Security Threat Group. He named Defendants Tabb and Gauci. This grievance was appealed through all three levels, and was denied at Step III on October 30, 2002.

(2) In No. RRF 02-11-01699-21Z, Plaintiff submitted a four-page narrative at Step I, regarding the denial of access to NGE materials and his request for the removal of the SGT designation. He specifically named Defendants Haggerty, Nowak, Gauci, Mulvaney and Warden Smith. He appealed through all three administrative levels, and the grievance was denied at Step III on January 29, 2003.

(3) In No. RRF 03-11-01143-26B, Plaintiff once again complained of the denial of religious material and his STG designation that was based on his possession of constitutionally protected religious material. He named "the staff and STG coordinator" at RCF, Warden Booker (not a Defendant) and "the Central Office STG coordinator." The grievance was appealed through Step III.

Plaintiff's grievance documents, and in particular grievances (1) and (2), show clearly that he has fully exhausted his administrative remedies as to his claims and as to Defendants Haggerty, Gauci, Tabb, Nowak, Smith and Mulvaney.

The only Defendant not named in any grievance is William Overton, then-Director of the MDOC. I note that even though the grievance procedure and the exhaustion requirement would prove challenging to the average attorney, not to mention a *pro se* prison inmate, the Plaintiff in this case has successfully met that challenge as to all but one of the Defendants. However, the PLRA, as construed by the Sixth Circuit and in large part by the Supreme Court, is a harsh mistress. *Curry v. Scott, supra*, requires that a Defendant be specifically named in a grievance to be considered exhausted. Thus, the claim has not been exhausted as to Defendant Overton, and under the total exhaustion rule of *Jones-Bey v.*

*Johnson*, this is a mixed complaint that is subject to dismissal.

Therefore, under *Jones-Bey*, this Complaint must be dismissed without prejudice, leaving the Plaintiff with the option of pursuing and exhausting his administrative remedies against Overton, or refiling the Complaint without naming Overton as a Defendant. In the alternative, for the reasons set forth in Section II of this Report and Recommendation, the Plaintiff may move to amend his Complaint to dismiss Defendant Overton, leaving only the Defendants who have been exhausted. *Johnson v. Sadzewicz, supra*.[4]

### IV. CONCLUSION

Accordingly, I recommend that the Defendants' Motion to Dismiss [Docket #27] be GRANTED, and the Complaint dismissed without prejudice, UNLESS, within 30 days, the Plaintiff moves to amend his Complaint to dismiss Defendant Overton.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

---

[4] For the reasons discussed above, permitting a plaintiff to amend a mixed petition would not run afoul of *Baxter v. Rose*, *supra*, so long as exhaustion was properly pled in the complaint. *See Casarez v. Mars*, *supra*.

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                    S/R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 30, 2006.

                                    S/G. Wilson
                                    Judicial Assistant