UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION HARDAWAY,

    Plaintiff,

v.                                               Case No. 05-70362

JAMES HAGGERTY, VINCENT GAUCI         HONORABLE AVERN COHN
CARL TABB, MICHAEL NOWAK,
DAVID SMITH, ROBERT MULVANEY, and
WILLIAM OVERTON,

    Defendants.

_____/

**MEMORANDUM AND ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION AND
DENYING DEFENDANTS' MOTION TO DISMISS AND
DISMISSING PLAINTIFF'S UNEXHAUSTED CLAIMS AGAINST WILLIAM OVERTON
WITHOUT PREJUDICE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Dion Hardaway is suing the following defendants: James Haggerty, Vincent Gauci, Carl Tabb, Michael Nowak, David Smith, Robert Mulvaney, and William Overton. He claims defendants have violated his right to religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc.

The matter was referred to a magistrate judge for pre-trial proceedings. Defendants filed a motion to dismiss on the grounds that plaintiff failed to fully exhaust his administrative remedies. The magistrate judge issued a report and recommendation (MJRR) recommending that the motion be granted unless plaintiff within 30 days moves

to amend the complaint to dismiss the unexhausted defendant, William Overton. Before the Court are defendants' objections to the MJRR. For the reasons that follow, the objections will be denied.

## II.

The MJRR accurately sets forth the relevant facts. On February 16, 2005, plaintiff filed a complaint against defendants. Generally, plaintiff alleges that defendants have violated his religious rights by seizing religious materials from his cell and refusing to return them. The materials are related to the Nation of Gods and Earths/Five Percenters (NGE), a group which plaintiff says is religious. Plaintiff was informed that NGE is considered a Security Threat Group (STG). As a result of having found to be a member of a STG, plaintiff alleges that he is not allowed to work go to school, possess any NGE materials, communicate with NGE members, and was coerced into renouncing his membership. Plaintiff did not attach any grievance material to the complaint. Defendants filed a motion to dismiss on the grounds that plaintiff failed to plead exhaustion of administrative remedies. In his answer to the motion, plaintiff submitted copies of three grievances which were all appealed through the third and final step. However, plaintiff did not name defendant Overton in any of the grievances. As such, his claims against him have not been exhausted. Thus, plaintiff filed a mixed complaint, containing both exhausted and unexhausted claims.

## III.

The magistrate judge determined that the Court of Appeals for the Sixth Circuit's total exhaustion rule announced in Jones-Bey v. Johnson, 407 F.3d 801 (6th Cir. 2006) requires that the complaint must be dismissed. Based on Jones-Bey, there are two

options when faced with a mixed complaint:  (1) wait until the claims are exhausted and re-file the case at that time or (2) file a new action with only the exhausted claims.  The magistrate judge then carefully surveyed Sixth Circuit case law and found a third option - permit the plaintiff to amend the complaint to dismiss only the unexhausted claims.  As such, the magistrate judge recommends that defendants' motion be granted unless plaintiff within 30 days elects to dismiss his claims against Overton.

     In Jones-Bay, a panel of the Sixth Circuit purported to "definitively answer" the question of what to do with a mixed complaint and held that the total exhaustion rule applied and that it mandates dismissal of mixed complaints.  The Supreme Court has granted certiorari to resolve the partial/total exhaustion issue.  See Williams v. Overton, 126 S. Ct. 1463 (2006), Jones v. Bock, 126 S. Ct. 1462 (2006).

     After Jones-Bey and after the grant of certiorari, another panel of the Sixth Circuit held that, contrary to the panel's decision in Jones-Bay, case law in the Circuit prior to Jones-Bey applies a rule of partial exhaustion, which allows a mixed complaint to go forward on the exhausted claims.  Spencer v. Bouchard, __ F.3d. __, 2006 WL 1528876 (6th Cir. June 6, 2006).  In Spencer, the Sixth Circuit directed that the district court dismiss the unexhausted claims and went on to discuss the merits of the exhausted claims.  Spencer was issued after the MJRR.

     While the case law in this Circuit regarding mixed complaints is best described as unclear and the issue is before Supreme Court, the Court has an obligation to decide the case before it.  The Court finds the panel decision in Spencer persuasive and controlling.  As such, plaintiff's mixed complaint is not subject to dismissal.  The only question is whether to dismiss the claims against Overton or, as the magistrate judge

suggested, permit plaintiff to amend the complaint to dismiss his claims against Overton. This however, is a distinction without a difference. Given that plaintiff has not objected to the MJRR, the better course is to dismiss the claims against Overton and let the case go forward. This is the approach taken in <u>Spencer</u>.

Accordingly, the MJRR is adopted in part and rejected in part. Defendants' motion to dismiss is DENIED. Plaintiff's claims against Overton are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.


Dated: June 15, 2006           s/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2006, by electronic and/or ordinary mail.

                               s/Julie Owens
                             Case Manager
                             (313) 234-5160