UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION HARDAWAY,

    Plaintiff,

v.                                               Case No. 05-70362

JAMES HAGGERTY, VINCENT GAUCI        HONORABLE AVERN COHN
CARL TABB, MICHAEL NOWAK,
DAVID SMITH, ROBERT MULVANEY, and
WILLIAM OVERTON,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS**
**AND**
**DIRECTING THE APPOINTMENT OF COUNSEL FOR PLAINTIFF**

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Dion Hardaway is suing the following defendants: James Haggerty, Vincent Gauci, Carl Tabb, Michael Nowak, David Smith, Robert Mulvaney, and William Overton. He claims defendants have violated his right to religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc.

The matter was referred to a magistrate judge for pre-trial proceedings. Defendants Tabb, Haggerty, Mulvaney, Overton, and Nowak filed a motion to dismiss or for summary judgment, raising several grounds, and defendant Gauci filed a motion for summary judgment. The magistrate judge issued a report and recommendation (MJRR), recommending the following:

1. Tabb, Haggerty, Mulvaney, Nowak and Gauci's motion to dismiss plaintiff's official capacity claim pertaining his Security Threat Group (STG) designation be GRANTED on the basis that the claim is MOOT (the STG designation <u>as to plaintiff</u> was removed before filing the lawsuit)

2. Defendants' motion for summary judgment be DENIED as to plaintiff's claim for injunctive relief (1) requesting the removal of the Nation of Gods and Earths/ Five Percenters STG designation and (2) the MDOC's denial of religious literature to the group under RLUIPA

3. Defendants Tabb, Haggerty, Mulvany, Nowak and Gauci's motion to dismiss plaintiff's individual capacity claims be GRANTED on the basis of qualified immunity.

4. Overton's motion for summary judgment be DENIED AS MOOT as he was previously dismissed without prejudice.

Before the Court are the parties' partial objections to the MJRR. Defendants Tabb, Haggerty, Mulvaney, Nowak and Gauci's object to recommendation # 2 regarding plaintiff's injunctive relief claim and plaintiff objects to recommendation # 3 regarding qualified immunity.

II.

The MJRR outlines the background of the case. Briefly, plaintiff sued defendants under 42 U.S.C. § 1983 and RLUIPA claiming a violation of his First Amendment Free Exercise rights and Fourteenth Amendment Equal Protection rights. Plaintiff states that on April 29, 2002, while at Ryan Correctional Facility (RCF) prison officials seized religious materials from his cell and refused to return them. The materials were related

to the Nation of Gods and Earths/Five Percenters (NGE), a group plaintiff says is religious in nature. Plaintiff says he was informed that the NGE has been classified as a STG and plaintiff, as a member, was subject to disciplinary action as a result of the STG designation. Although the STG as particular to plaintiff has been removed, plaintiff seeks injunctive relief in the form of removal of the STG from the NGE and requiring defendants to allow plaintiff to possess NGE literature.

Plaintiff names as defendants Tabb, an inspector at RCF, Haggerty, a corrections officer, Nowak, an inspector at RCF, Mulvaney, STG coordinator, Gauci, a corrections sergeant, David Smith, Warden, who was never served, and William Overton, then-Director of the MDOC, who was dismissed for failure to exhaust administrative remedies.

III.

The portions of the MJRR that the parties find objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C).

As noted above, plaintiff objects only to the portion of the MJRR regarding qualified immunity. Plaintiff's objections present the same arguments considered and rejected by the magistrate judge. The magistrate judge succinctly stated "[a]lthough RLUIPA was signed into law in September, 2000, the matter of reconciling its prohibition on substantially burdening religious practices with the compelling interest in maintaining institutional security remained in flux until after the filing of this lawsuit. . . . in the absence of clear circuit law guidance, Defendants' actions in creating and implementing the STG designation of the NGE and the accompanying ban on its material was not objectively unreasonable." MJRR at p. 13-14. The Court finds no error in this

3

conclusion. Accordingly, plaintiff's objection is denied.

As to defendants' objections, they first argue that the magistrate judge erred in applying the RLUIPA standard to plaintiff's injunctive relief claim related to removal of the NGE being designated as a STG, and that under the standard set forth in Turner v. Safely, 482 U.S. 78 (1987),[1] the decision to designate the NGE as a security threat passes muster. Defendants cite Fraise v. Terhune, 283 F.3d 506 (3d Cir. 2002), in which the Court of Appeals for the Third Circuit found the New Jersey Department of Corrections' designation of the NGE as a security threat justified under Turner. This

---

[1]Under Turner, a regulation will be upheld if it is "reasonably related to legitimate penological interests." 482 U.S. at 89. In Turner, the Supreme Court set forth the following four factors to determine whether a prison's restriction on incoming publications was reasonably related to legitimate penological interests:
> (1) whether there is a valid, rational connection between the prison policy and the legitimate governmental interest asserted to justify it; (2) the existence of alternative means for inmates to exercise their constitutional rights; (3) the impact that accommodation of these constitutional rights may have on other guards and inmates, and on the allocation of prison resources; and (4) the absence of ready alternatives as evidence of the reasonableness of the regulation.

Cornwell v. Dahlberg, 963 F.2d 912, 917 (6th Cir. 1992) (citing Turner, 482 U.S. at 89).
> By contrast, RLUIPA provides:
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person -
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Under RLUIPA, once a plaintiff produces prima facie evidence to support a free exercise violation, the plaintiff bears the burden of persuasion over whether the regulation substantially burdens his or her exercise of religion and the state bears the burden of persuasion on all other elements. 42 U.S.C. § 2000cc-2(b).

4

objection lacks merit. It is clear that plaintiff's claim related to the NGE being classified as a STG arises from the fact that the NGE is, according to plaintiff, a legitimate religious group for which the STG designation is improper. In other words, the claim arises from plaintiff's allegation of deprivation of his religious rights, a claim under RLUIPA, which employs a slightly different standard, less deferential to the prison, by requiring a compelling security interest and a least restrictive means of furthering that compelling interest. Thus, this objection lacks merit.

The analogous case of Marria v. Broaddus, No. 97-8297, 2003 WL 21782633 (S.D.N.Y. July 31, 2003) (unpublished) provides additional guidance. In Marria, the district court held, following a trial, that the prisoner/plaintiff's beliefs as a member of the NGE were entitled to protection under RLUIPA and the prison's designation of the NGE as a security threat violated the prisoner/plaintiff's free exercise rights under the First Amendment and RLUIPA. The district court acknowledged the holding in Fraise and other similar cases dealing with the NGE in prisons and explained why they were not persuasive:

> We acknowledge that there is some case law in tension with our decision in this case. See Fraise v. Terhune, 283 F.3d 506 (3d Cir. 2002) (finding the New Jersey Department of Corrections' treatment of Five Percenters as a security threat group justified for summary judgment purposes under a Turner v. Safley analysis); In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464 (4 Cir. 1999) (same with regard to the South Carolina Department of Corrections); Lord Natural-Self Allah v. Annucci, No. 97 Civ. 607, 1999 WL 299310 (W.D.N.Y. March 25, 1999) (Heckman, M.J.) (finding for preliminary injunctive purposes that DOCS' ban on Five Percenter materials was justified under Turner ); Buford v. Goord, 258 A.D.2d 761, 686 N.Y.S.2d 121 (3d Dep't.1999) (dismissing, in an Article 78 proceeding, a pro se litigant's claim that DOCS' policies banning his receipt of Five Percenter materials violated his first amendment rights). Each of these cases, however, applied a more deferential standard of review than the RLUIPA analysis we apply in this decision, and the three federal case involving free exercise claims all assumed

5

> that Five Percenter beliefs would receive free exercise protection, which accords with our ruling in this case. Moreover, these other courts do not appear to have had an equally well-developed evidentiary record concerning the Nation's legitimate existence outside prison as we did in this case. Finally, we simply disagree with some of the findings and conclusions reached by those courts, most fundamentally the notion that prison policies classifying and treating an entire group as a gang can be upheld despite the fact that they are predicated on a faulty assumption that the group has no legitimate existence as a religion.

2003 WL 21782633 at *18 n. 37.

Defendants next object to the magistrate judge's analysis of plaintiff's claim regarding access to NGE literature, arguing that the MDOC's determination that the NGE is more akin to a gang than a religion is entitled to deference as a matter of law. Defendants also say that plaintiff has failed to produce sufficient evidence that the NGE is religious in nature. Both of these objections essentially take issue with the magistrate judge's determination that there is a factual question as to the legitimacy of the NGE as a religious organization based on the record, including evidence produced by plaintiff. The Court has reviewed the record and agrees with the magistrate judge that a factual question exists, i.e. "whether the NGE is RLUIPA-protected or simply a gang." MJRR at p. 11. It is noted that the district court in <u>Marria</u> made its determination in favor of the prisoner/plaintiff <u>after</u> a trial. Thus, defendants' objections lack merit.

IV.  Conclusion

Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motions are GRANTED IN PART AND DENIED IN PART. The case continues on only plaintiff's claim for injunctive relief (1) requesting the removal of the NGE's STG designation and (2) the MDOC's denial of religious literature to the group under RLUIPA.

Given the nature of the case, the Court will appoint counsel for plaintiff.

SO ORDERED.

                                            s/Avern Cohn  
                                            AVERN COHN  
                                            UNITED STATES DISTRICT JUDGE

Dated: September 27, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Dion Hardaway, 243916, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 on this date, September 27, 2007, by electronic and/or ordinary mail.

                                            s/Julie Owens  
                                            Case Manager, (313) 234-5160